■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAURICE ALCIDE TRAHAN, Appellant.— Order affirmed. Memorandum: A hearing was held at which the defendant and the County Judge gave their conflicting recollections as to whether, at the time of arraignment and before the defendant was allowed to plead guilty to the indictment, the defendant had been advised, not only of his right to counsel, but also that counsel would be assigned to him if he lacked the funds to retain counsel. The County Judge decided this issue against the defendant. Subsequently, the District Attorney succeeded in obtaining from the stenographer, who had previously stated that she had not been able to find her shorthand notes of the proceedings, a full transcript of the minutes of the proceedings, the stenographer having found her notes after the hearing. A copy of the minutes was sent to the defendant and a copy was submitted to the court upon this appeal, the original having been filed in the County Clerk's office. The defendant has not questioned the accuracy of the transcript. The transcript, being "record evidence which is clearly identified", may be received upon appeal to support the order appealed from. (*Ripley* v. *Storer*, 309 N. Y. 506, 518.) It now appears that the

defendant's contention was wholly unfounded and that, if the minutes had been available earlier, it would have been unnecessary to hold a hearing. We therefore affirm the order. However, we feel called upon to note, for the guidance of the trial courts, that in a situation such as that originally presented in which a hearing was required, at which the evidence of the Judge who presided at the arraignment would be in issue, the hearing should be held by another Judge. The defendant also raised a question as to the failure of the foreman of the Grand Jury to indorse the indictment, in his original papers, but this point was subsequently withdrawn. Therefore we do not pass upon it, although we may note that it is questionable whether the point is one which may be raised in *coram nobis*. All concur. (Appeal from an order of Jefferson County Court denying defendant's application to vacate a judgment of conviction rendered May 16, 1953.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.